**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CATHERINE HOELSCHER,

        Plaintiff,

                             Case No. 09-11581

v.

                             HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER OF THE COURT ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court are Plaintiff Catherine Hoelscher's Objections to the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 17; Doc. 16). The R&R recommends that the Court deny Plaintiff's Motion for Summary Judgment under Federal Rule of Civil Procedure 56 and grant Defendant's Motion for Summary Judgment under Federal Rule of Civil Procedure 56 (Doc. 8; Doc. 14). The Magistrate Judge found that substantial evidence supported the Administrative Law Judge's ("ALJ") and the Commissioner of Social Security's ("Commissioner") decision denying benefits. (Doc. 16 at 10). For the reasons discussed below, the Court ADOPTS the Magistrate Judge's R&R in its entire. Therefore, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the findings of the Commissioner are AFFIRMED.

**II.    STATEMENT OF FACTS**

### A. Procedural Facts

On January 25, 2005, Plaintiff Catherine Hoelscher applied for Supplemental Security Disability benefits alleging a disability onset date of May 17, 2002. (Tr. 44). After the initial denial of the claim, she requested an administrative hearing, which was held before an Administrative Law Judge ("ALJ") on May 8, 2008. (Tr. 420). Plaintiff testified at the hearing and was represented by counsel. (Id.). On September 3, 2008, the ALJ found Plaintiff not disabled because she could perform a significant number of limited light-level jobs despite her impairments. (Tr. 17-26). On April 9, 2009, the Appeals Council denied review and concluded the ALJ's decision stands as the Commissioner's final decision. (Tr. 6-9).

On April 28, 2009, pursuant to 42 U.S.C. § 405(g), Plaintiff filed for judicial review of the Commissioner's denial of benefits. (Doc. 1). The case was referred to United States Magistrate Judge Virginia M. Morgan pursuant to 28 U.S.C. § 636. (Doc. 3). The parties filed cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Magistrate Judge entered a R&R granting Defendant's motion for summary judgment finding the Commissioner's nondisability determination was supported by substantial evidence.

### B. Plaintiff's Medical History

As the parties do not object to the R&R's recitation of the background facts concerning Plaintiff's medical history, the Court adopts those portions of the R&R here.

### III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

The Court must affirm the Commissioner's conclusions so long as the Commissioner applied the correct legal standards and made findings of fact that are supported by substantial evidence in the record. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is evidence that a reasonable mind might accept as adequate evidence in support a conclusion. Id. This means that administrative findings

> are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts. If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm.

Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted). The Sixth Circuit has further explained, "[i]f supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by substantial evidence. Linscomb v. Comm'r of Soc. Sec., 25 Fed.Appx. 264, 266 (6th Cir. 2001) (citations omitted).

**IV.  ANALYSIS**

### A. Plaintiff's Objections to the R&R

Plaintiff raises two main objections to the R&R. First, she argues that the Magistrate Judge and the ALJ failed to follow the Social Security Administration's rules and regulations when evaluating Plaintiff's credibility concerning her subjective complaints of pain and functional limitations. (Doc. 17 at 1). Second, she contends it was legal error for both the Magistrate Judge and the ALJ to reject Dr. Kodali's opinion concerning Plaintiff's mental residual function capacity ("RFC"). (Doc. 17 at 3). Each objection is reviewed and discussed below.

### B. The ALJ Followed the Applicable SSA Rules and Regulations

Plaintiff argues she was prejudiced in this matter because the ALJ's findings did not adequately address her credibility. (Doc. 17, 1-3). She contends her subjective complaints of pain and physical limitations are consistent with the medical evidence from her treating physicians, her treating physicians opinions on her RFC, and her alleged inability to perform substantial gainful activity.

The Sixth Circuit has repeatedly stated "[t]he ALJ's credibility findings are subject to substantial deference on review." White v. Comm'r of Soc. Sec., 572 F.3d 272, 287 (6th Cir. 2009) (citing Barker, at 795). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247 (6th Cir. 2007). In cases where an ALJ expressly states she has considered SSR 96-7p, and there is no indication she failed to do so, an ALJ's credibility determination should not be disturbed. White, 572 F.3d at 287. The Sixth Circuit has also stated, "while credibility determinations regarding subjective complaints rest

with the ALJ, those determinations must be reasonable and supported by substantial evidence." Rogers, 486 F.3d at 249.

The Court has reviewed the ALJ's credibility determination and finds that it is supported by substantial evidence. When deciding Plaintiff's credibility, the ALJ expressly considered 20 C.F.R. § 1529 and SSRs 96-4p and 96-7p. (Tr. 21). There is no indication the ALJ did not consider these rules and regulations. Thus, the credibility finding is due substantial deference. White, 572 F.3d at 287.

The ALJ's decision includes a detailed, four page analysis on how the objective medical evidence does not support certain parts of Plaintiff's subjective complaints. (Tr. 21-24). The ALJ methodically identified the record evidence which undermines certain portions of Plaintiff's complaints of pain, mental distress, and allegations of severe physical limitation. Throughout the credibility analysis, the ALJ separates record supported subjective complaints from unsupported complaints.

The ALJ's separation of Plaintiff's non-credible limitations from credible complaints shows that the ALJ engaged in a more than adequate credibility determination. Though the ALJ rejected some of Plaintiff's unsupported complaints, the ALJ did not find Plaintiff unimpaired. Indeed, the ALJ incorporated many of Plaintiff's credible physical and psychiatric restrictions into the hypothetical questioning of the vocational expert as well as Plaintiff's RFC assessment. Specifically, the ALJ found that Plaintiff was capable of performing jobs only with a limited range of light, simple, repetitive work which allowed her to alternate between standing and sitting every 30 to 45 minutes. The ALJ included further work restrictions: no repetitive shoulder use, no production pace requirements, no work with general public or close contact with co-workers, and no work as part of a group in which

the group depended on Plaintiff's performance. (Tr. 448-451). The ALJ's credibility determination is reasonable given that she throughly analyzed and incorporated credible limitations into Plaintiff's RFC assessment while rejecting those which were unsupported.

**C.     The ALJ Properly Discounted the Weight of Dr. Kodali's Opinion**

Plaintiff contends that it was legal error for the Magistrate Judge and ALJ to conclude that treatment notes of Dr. Kodali do not support the doctor's conclusions in the Medical Source Statement concerning Plaintiff's RFC. (Doc. 17 at 3). Plaintiff argues Dr. Kodali is a treating physician and that there is no medical evidence which contradicts Dr. Kodali's opinion of Plaintiff's RFC.

The opinion of a consulting physician is not entitled to the deference due the opinion of a treating physician. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). The Sixth Circuit explained, "[t]he treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once...." Id. (internal citation omitted). The rationale behind the treating physician doctrine is absent from the consultative or "one-time" examining relationship.

Based on the administrative record, the Court agrees with the Magistrate Judge that Dr. Kodali is not a treating physician. The Sixth Circuit has observed, "a plethora of decisions unanimously hold that a single visit does not constitute an ongoing treatment relationship." Kornecky v. Comm'r of Soc. Sec. 167 Fed.Appx. 496, 505 (6th Cir. 2006). Plaintiff's objections simply assume that Dr. Kodali is a treating doctor. The record does not support such an assumption. Plaintiff testified that she first saw Dr. Kodali sometime

in January 2008. (Tr. 436). On April 9, 2008, one month before Plaintiff's administrative hearing, Dr. Kodali issued a Medical Source Statement concerning Plaintiff's mental limitations -. (Tr. 371 - 374 ). The record shows only the single January visit and is silent as to any treatment plan, subsequent office visits, or details of the relationship between Plaintiff and Dr. Kodali. This one-time visit does not make Dr. Kodali a "treating" source. Accordingly, Dr. Kodali's opinion is not due controlling weight.

Plaintiff's objection that the ALJ improperly rejected Dr. Kodali's Medical Source Statement because the doctor's own treatment notes do not support his opinion is a mischaracterization of the record. The ALJ concluded that *other* treatment notes in the record do not substantiate Dr. Kodali's opinion and thus assigned greater weight to that evidence. (Tr. 24). In fact, the record does not contain any of Dr. Kodali's treatment notes, only the doctor's conclusory mental health opinion. An ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (citations omitted). After review, the Court finds that Dr. Kodali's Mental Source Statement does not include detailed objective criteria nor any supporting documentation, thus the ALJ properly discounted its weight. Moreover, the ALJ expressly applied 20 C.F.R. 404.1527(d) in rejecting Dr. Kodali's opinion. (Tr. 24).

Given that Dr. Kodali is not a treating source, the ALJ was not required to provide detailed findings about why Dr. Kodali's opinion was given little weight. Kornecky, 167 Fed. Appx. at 507-508. No purpose is served by remanding to the ALJ for a more explicitly discussion on how the record treatment notes contradict Dr. Kodali's conclusory Medical Source Statement. See, Kornecky, 167 Fed. Appx. at 507 ("[n]o principle of administrative

7

law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." (citing Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir.1989) (citation omitted))).  Additionally, there is no reason to depart from the usual harmless-error rule when the ALJ merely failed to give a detailed explanation why she gave less weight to a one-time examining opinion.  Id.

Contrary to Plaintiff's objections, a remand will not lead to a different result because, in addition to permissibly discounting the opinion under 20 C.F.R. 404.1527(d), the ALJ identified record medical evidence which contradicts Dr. Kodali's opinion.  (Tr. 24). Psychiatric treatment notes that are concurrent with Plaintiff's visit with Dr. Kodali undermine Dr. Kodali's conclusions.  (Tr. 24, 352-359).  These notes describe Plaintiff as properly groomed, depressed but with appropriate affect, having normal mental and language abilities, as well as normal thought content.  (Tr. 352-359).  Such evidence conflicts with a majority of Dr. Kodali's summary conclusions.  As with Plaintiff's subjective complaints, the ALJ resolved the conflict by incorporating Dr. Kodali's record supported opinions in her RFC assessment, while rejecting the doctor's conclusory limitations.  The ALJ's resolution of the conflict is within the "zone of choice" accorded to the fact finder at the administrative hearing level under Mullen v. Bowen, 800 F.2d 535 (6th Cir. 1986) (en banc).  The Court finds the ALJ's decision discounting certain portions of Dr. Kodali's Mental Source Statement was supported by substantial evidence.

**V.    CONCLUSION**

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections.  28

U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The Court finds that substantial evidence supports the Commissioner's decision denying disability benefits. Thus, Plaintiff's Motion for Summary Judgment, (Doc. 8), is **DENIED**, Defendant's Motion for Summary Judgment, (Doc. 14), is GRANTED, and the findings of the Commissioner are **AFFIRMED.**

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: October 20, 2010

### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt

Case Manager